Philip BENHAM, et al., Plaintiffs,

v.

Robert DRIEGERT, as County Chairman of the Republican Party of Dallas County, Texas and the Dallas County Executive Committee of the Republican Party, Defendants.

No. 3:94–CV–0252–T.

United States District Court,
N.D. Texas,
Dallas Division.

Feb. 11, 1994.

---

John David Exline, Law Office of John D. Exline, Dallas, TX, for plaintiffs.

David W. Evans, Law Office of David W. Evans, Dallas, TX, for defendants.

Blake O. Brodersen, Atty. Gen. of Texas, Austin, TX, for movant.

*ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION, DENYING MOTION FOR CONSOLIDATION OF HEARING WITH TRIAL, AND DENYING MOTION FOR HEARING*

MALONEY, District Judge.

Before the Court are Plaintiffs' Motions for Preliminary Injunction, Evidentiary Hearing, and for Consolidation of Hearing with Trial. The Court does not wait for a response to the motions because they are denied.

Plaintiffs filed this suit when officials of the Republican Party refused to include Benham's name on the Republican primary ballot as a candidate for Judge of Dallas County Criminal Court No. 10. Defendants refused to include Benham on the ballot because he does not meet the statutory requirement that a judge of a statutory county court be a licensed attorney in this state who has practiced law or served as a judge of a court in this state, or both combined, for the four years preceding election of appointment, unless otherwise provided for by law. Tex. Gov't Code § 25.0014(3) (West Supp.1994).

Plaintiffs contend that this education requirement is actually a wealth requirement because the costs associated with obtaining a law degree are so great they are prohibitive for a large segment of society. Plaintiffs claim that this restriction impermissibly infringes upon their right to vote, right of free association, right of free speech, liberty, and

deprives them of equal protection of the laws in violation of the First and Fourteenth Amendments to the Constitution. They seek an injunction against Defendants, preventing them from conducting voting for Judge of County Criminal Court No. 10 in the Republican primary unless Benham's name is included on the ballot.

This motion for a preliminary injunction presents the question of whether the candidate qualification statute is constitutional. Because this question can be resolved as a matter of law, the Court finds that an evidentiary hearing is unnecessary. Therefore, the motion for an evidentiary hearing is denied. Since the Court is not holding an evidentiary hearing, the motion to consolidate the hearing and trial in this action is moot.

■ A preliminary injunction is proper when there is a substantial threat that the plaintiff will suffer irreparable injury if the injunction is not granted, there is no adequate remedy at law, there is a substantial likelihood that the plaintiff will prevail on the merits, the threatened injury to the plaintiff outweighs the threatened harm the injunction may impose upon the defendant, and granting the injunction will not disserve the public interest. *Libertarian Party of Texas v. Fainter*, 741 F.2d 728, 729 (5th Cir.1984). In this case, Plaintiffs have not shown a substantial likelihood they will prevail on the merits.

■ The Equal Protection Clause of the Fourteenth Amendment allows the states considerable leeway to enact legislation that may appear to affect similarly situated people differently. Under traditional equal protection principles, classifications need only bear some rational relationship to a legitimate state end. They are set aside only if they are based solely on reasons totally unrelated to the pursuit of the state's goals and only if no grounds can be conceived to justify them. *See, e.g., Clements v. Fashing*, 457 U.S. 957, 963, 102 S.Ct. 2836, 2843–44, 73 L.Ed.2d 508 (1982) (citations omitted). However, a departure from traditional equal protection principles is merited when the challenged statute burdens a suspect class of persons or a constitutional right that is deemed to be fundamental. *Id.* The Court

must therefore determine, as a threshold issue, what level of scrutiny to apply to the evaluation of the education requirement.

Laws that affect candidates always have at least some theoretical effect on voters. *Bullock v. Carter*, 405 U.S. 134, 143, 92 S.Ct. 849, 855–56, 31 L.Ed.2d 92 (1972). Election laws, whether they govern the registration and qualification of voters, the selection and eligibility of candidates, or the voting process itself, inevitably affect the individual's liberty, his right to vote, and his right to associate with others for political ends. *Anderson v. Celebrezze*, 460 U.S. 780, 788, 103 S.Ct. 1564, 1569–70, 75 L.Ed.2d 547 (1983). The restriction at issue creates a barrier to candidate access to the primary ballot, thereby tending to limit the field of candidates from which voters might choose. However, the initial and direct impact of the candidate qualification regulation is felt by aspirants for office rather than voters.

■ Courts have not recognized candidacy as a fundamental right, but instead have held that the existence of barriers to a candidate's access to the ballot does not of itself compel heightened scrutiny. *Bullock*, 405 U.S. at 143, 92 S.Ct. at 855–56. The rigorousness of inquiry into the propriety of state election laws depends upon the extent to which the challenged regulation burdens First and Fourteenth Amendment rights. *Burdick v. Takushi*, —— U.S. ——, ——, 112 S.Ct. 2059, 2063, 119 L.Ed.2d 245 (1992). The Court must consider the facts and circumstances behind the law, the interests the state seeks to protect by placing restrictions on candidacy, and the nature of the interests of those who may be burdened by the restrictions. *Clements*, 457 U.S. at 963, 102 S.Ct. at 2843–44.

Ballot access cases focus on the degree to which the challenged restrictions operate as a mechanism to exclude certain classes of candidates from the electoral process. Plaintiffs contend that this ballot access regulation disproportionately excludes candidates according to their economic status, thereby limiting the field of candidates from which voters may chose. Plaintiffs support this contention with evidence of the high cost of

tuition and fees at accredited law schools nationwide. However, this evidence also contains information that reveals the substantial financial aid, in the form of scholarships and loans, that is available to applicants. Thus, the Court is unable to find that the restriction at issue in fact disproportionately impacts voters and candidates according to economic status.

■ Even if Plaintiffs did show that the restriction has a disparate impact on less affluent voters and candidates, it would still be a permissible regulation. Where an election law creates barriers to ballot access based on wealth, courts have applied close scrutiny. *See, e.g., Bullock,* 405 U.S. at 144, 92 S.Ct. at 856. Close scrutiny requires that the law be reasonably necessary to the accomplishment of legitimate state objectives in order to pass constitutional muster. *Id.*

The requirement that candidates for a judicial post obtain a law degree and spend four years practicing law fosters a competent judiciary by ensuring that candidates are knowledgeable in the field of law. This is a legitimate state objective. Further, the restriction burdens only those candidates who lack a formal legal education or a minimal amount of practical experience in the field of law.

Plaintiffs propose that the state administer competency exams to better achieve the objective of maintaining a competent judiciary. They point out that this would be a more narrowly drawn restriction on ballot access. However, unlike the education requirement in place, Plaintiffs' alternative is not expedient and is untested. Furthermore, the law does not require that ballot access restrictions be the most narrowly drawn restrictions possible; these laws, when they involve classifications based on wealth, must only be reasonably necessary to achieve a legitimate end.

Therefore, the Court concludes that the education requirement is constitutional because it is reasonably necessary to accomplish the state's legitimate objective of maintaining a competent judiciary. Benham is not entitled to have his name included on the Republican Party primary ballot because he does not meet the education requirement.

Therefore, the motion for a preliminary injunction against Driegert and the Dallas County Executive Committee of the Republican Party is denied.

It is therefore **ORDERED** that the Motion for a Preliminary Injunction, filed February. 8, 1994, is **denied;**

It is **FURTHER ORDERED** that the Motion for Consolidation of Hearing on Preliminary Injunction with Trial, filed February 8, 1994, is **declared moot;** and,

It is **FURTHER ORDERED** that the Motion for an Expedited Evidentiary Hearing on Preliminary Injunction, filed February 8, 1994, **denied.**